**COURT OF APPEALS
DECISION
DATED AND FILED**

**August 13, 2026**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.        **2025AP103**

**STATE OF WISCONSIN**

Cir. Ct. No.  2017FA334

**IN COURT OF APPEALS
DISTRICT IV**

IN RE THE MARRIAGE OF:

JULIE A. KURZ,

    PETITIONER-RESPONDENT,

 V.

RAYMOND R. KURZ,

    RESPONDENT-APPELLANT.

        APPEAL from an order of the circuit court for Wood County: GREGORY J. POTTER, Judge. *Affirmed.*

        Before Graham, P.J., Kloppenburg, and Nashold, JJ.

        **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.    Raymond Kurz appeals a circuit court order that denied his motion to reduce or terminate maintenance payments to his former spouse, Julie Kurz, based on a substantial change in circumstances.  We affirm.

## BACKGROUND

¶2    Julie and Raymond divorced in July 2018 after 23 years of marriage.[1]  At that time, Raymond worked as a truck driver, reportedly earning a gross income of approximately $4,000 per month, and Julie's only income was in the form of social security disability payments of about $1,000 per month.  The parties stipulated that Raymond would make maintenance payments to Julie "in the amount of $900 per month for an unlimited term."

¶3    In March 2024, Raymond moved to reduce or terminate his maintenance obligation based on a substantial change in circumstances— specifically, his planned retirement in April 2024.  Julie opposed Raymond's motion.  The family court commissioner held a hearing in May 2024 and reduced Raymond's maintenance payments to $600 per month.  Raymond filed a motion for a hearing de novo before the circuit court.

¶4    The circuit court held a hearing de novo in July 2024, at which both Raymond and Julie testified.  After further briefing by the parties, the court issued an oral ruling.  The court determined that Raymond's retirement constituted a substantial change in circumstances, but after its discussion of the statutory factors set forth in WIS. STAT. § 767.56(1c) (2023-24), the court nonetheless denied Raymond's motion to reduce or terminate maintenance and ordered that Raymond

---

[1]  Because the parties share a surname, we refer to them by their first names for clarity.

continue to pay maintenance in the amount of $900 per month.[2]  We will provide additional details regarding the parties' testimony and arguments, as well as the court's findings and consideration of the statutory factors, in the discussion that follows.  The court entered a written order consistent with its oral ruling. Raymond appeals.

## DISCUSSION

¶5      Raymond argues that the circuit court erred in denying his motion to reduce or terminate maintenance to Julie based on a substantial change in circumstances.

¶6      A circuit court may modify a maintenance award when the movant demonstrates a "substantial change" in the circumstances of the parties.  WIS. STAT. § 767.59(1c)(a)1., (1f)(a); ***Rohde-Giovanni v. Baumgart***, 2004 WI 27, ¶30, 269 Wis. 2d 598, 676 N.W.2d 452.  "A 'substantial change' in circumstances 'must relate to a change in the financial circumstances of the parties.'" ***Jahimiak v. Jahimiak***, 2024 WI App 5, ¶42, 410 Wis. 2d 557, 2 N.W.3d 756 (quoted source omitted).  "A circuit court's decision as to whether there has been a substantial change of circumstances is a discretionary one that will be affirmed if there is a reasonable basis in the record to support it." ***Id.***, ¶44.

¶7      "If there has been a substantial change of circumstances, the decision whether to modify the amount or duration of maintenance is committed to the circuit court's sound discretion." ***Id.***, ¶45.  As part of its analysis of whether to

---

[2] All references to the Wisconsin Statutes are to the 2023-24 version unless otherwise noted.

3

modify maintenance, the circuit court "must consider the same factors governing the original determination of maintenance" under WIS. STAT. § 767.56. ***Poindexter v. Poindexter***, 142 Wis. 2d 517, 531, 419 N.W.2d 223 (1988) (referring to WIS. STAT. § 767.26 (1987-88), the predecessor statute to the current § 767.56); *see also* ***Kenyon v. Kenyon***, 2004 WI 147, ¶13, 277 Wis. 2d 47, 690 N.W.2d 251. Under the current § 767.56, the court must consider all of the factors enumerated in the statute. § 767.56(1c) ("the court may grant an order requiring maintenance payments to either party … after considering all of the following…").

¶8 When deciding whether to modify maintenance, the circuit court must consider the factors set forth in WIS. STAT. § 767.56 "in light of" the dual objectives of maintenance: support and fairness. ***Rohde-Giovanni***, 269 Wis. 2d 598, ¶¶29-30. "First, maintenance is designed to support the recipient spouse in accordance with the needs and earning capacities of both the recipient spouse and the payor spouse. Second, a maintenance award must ensure that there is a fair and equitable financial arrangement between the parties." ***Id.***, ¶29 (citation omitted). "[T]he correct test regarding modification of maintenance should consider fairness to both of the parties under all of the circumstances[.]" ***Id.***, ¶32.

¶9 "An erroneous exercise of discretion involves a failure to consider the relevant factors, basing an award on factual errors, making an error of law, or granting an excessive or inadequate award." ***Jahimiak***, 410 Wis. 2d 557, ¶46. We will sustain the circuit court's discretionary decision if the court "examined the relevant facts, applied a proper standard of law, and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach." ***Liddle v. Liddle***, 140 Wis. 2d 132, 136, 410 N.W.2d 196 (Ct. App. 1987).

¶10     Here, the circuit court determined, and the parties do not dispute, that Raymond's retirement constituted a substantial change in circumstances. Accordingly, we need only consider whether the court properly exercised its discretion in nonetheless declining to reduce or terminate maintenance. *See Jahimiak*, 410 Wis. 2d 557, ¶45 (circuit court *may* modify maintenance if there has been a substantial change in circumstances). We now present additional pertinent background regarding Raymond's motion to reduce or terminate maintenance, the evidence presented at the hearing de novo, and the circuit court's decision. We then explain our conclusion that the court properly exercised its discretion in denying Raymond's motion and address and reject Raymond's arguments to the contrary.

*Additional Background*

¶11     Raymond and Julie each filed an updated financial disclosure statement in response to Raymond's motion to reduce or terminate maintenance. Raymond reported a gross monthly income of $4,196.40 at the time that he retired. However, Raymond's W-2 form showed an average gross monthly income of $4,669.73, after deducting contributions to his 401(k). Julie reported a gross monthly income of $1,384.

¶12     At the July 2024 hearing, Raymond testified as follows. Raymond worked at Counter-Form, LLC, for 34 years, until his retirement in April 2024 at the age of 65. He had several physical ailments that caused him to retire, including arthritis, a fractured back, and a knee replacement, which made it difficult for him to sit or stand for extended periods of time and prevented him from kneeling and running. His gross income in 2018 was approximately $3,600 per month, and when he retired his gross income was approximately $56,000 per

year (an increase of approximately $1,000 per month).  After retiring, Raymond's gross income was approximately $2,167 per month in social security, after Medicare costs.  He was not withdrawing anything from his 401(k) account, of which Julie had received one-half as part of the divorce judgment.  Raymond made no rent or mortgage payments on the house he received in the divorce, but he incurred other expenses associated with owning the house, such as repair and maintenance costs.  He had no debts.

¶13    Raymond further testified that Julie stopped working during the marriage due to physical and emotional health problems.  Julie began receiving social security disability payments during the pendency of the divorce.  As far as Raymond knew, Julie's only income came from those disability payments.

¶14    Raymond testified that he continued to contribute to his 401(k) after the divorce and did not disclose the current value of his 401(k) on his financial disclosure form because he felt that he "should not have to" because he already "paid [Julie] out once" at the time of the divorce.  He also did not disclose the fair market value of his house.  Raymond had not voluntarily made a maintenance payment since April 2024 because of his pending motion to terminate maintenance.

¶15    Julie testified as follows.  She received $1,134 per month from social security after Medicare costs, and this was her only source of income.  She also withdrew $250 per month from the share of Raymond's 401(k) that she received in the divorce.  Julie lived in subsidized housing, where she paid rent of $585 per month.  She did not withdraw more than $250 per month from her share of the 401(k) because if she withdrew more money, her rent would go up and she would no longer qualify to live in her current subsidized housing.  Julie did not purchase

a house after the divorce because she would not be able to afford it or take care of it. She had persistent back problems and had undergone a spinal fusion. She had additional health issues from various surgeries and suffered from other health problems, including severe arthritis. Her expenses totaled approximately $2,500 per month.

¶16    In its oral ruling, the circuit court discussed factors for awarding maintenance under WIS. STAT. § 767.56(1c).

¶17    Specifically, the circuit court found that this was a long-term marriage of 23 years. *See* WIS. STAT. § 767.56(1c)(a) (court shall consider "[t]he length of the marriage"). The court found that the parties were both in their 60s and noted both Raymond's and Julie's physical health issues, as well as Julie's mental health issues and her receipt of social security disability payments. *See* § 767.56(1c)(b) (court shall consider "[t]he age and physical and emotional health of the parties"). The court found that the education level of the parties had not changed since the divorce; neither had any post-high school education. *See* § 767.56(1c)(d) (court shall consider "[t]he educational level of each party at the time of marriage and at the time the action is commenced"). The court also found that Julie had a limited earning capacity due to her disabilities. *See* § 767.56(1c)(e) (court shall consider "[t]he earning capacity of the party seeking maintenance").

¶18    The circuit court then found that due to Julie's disabilities and limited earning capacity, it was not feasible that Julie could become self-supporting at a standard of living reasonably comparable to that enjoyed during the marriage. *See* WIS. STAT. § 767.56(1c)(f) (court shall consider "[t]he feasibility that the party seeking maintenance can become self-supporting at a

standard of living reasonably comparable to that enjoyed during the marriage"). The court found that the only tax consequence "is that maintenance is deducted to [Raymond]." *See* § 767.56(1c)(g) (court shall consider "[t]he tax consequences to each party"). The court found that there was no prenuptial or postnuptial agreement. *See* § 767.56(1c)(h) (court shall consider "[a]ny mutual agreement made by the parties before or during the marriage"). The court stated that the factor regarding "[t]he contribution by one party to the education, training or increased earning power of the other" was not applicable. *See* § 767.56(1c)(i).

¶19 The circuit court then considered "[s]uch other factors as the court may in each individual case determine to be relevant." *See* WIS. STAT. § 767.56(1c)(j). The court found that there were several discrepancies or omissions on Raymond's financial disclosure statement. First, the court found that with an annual income of approximately $56,000, as reported on Raymond's W-2 form for the prior year, Raymond's gross monthly income should have been about $500 more than what he reported on his financial disclosure statement. Accordingly, the court found that Raymond underreported his income on that statement. Second, the court found that Raymond did not list updated values for his 401(k) or his house on his financial disclosure statement. The court determined that it therefore did not have a full disclosure of Raymond's financial assets. The court also noted that Julie draws $250 per month from her portion of Raymond's 401K that she received from the divorce and that if Julie withdrew more to replace any reduction in maintenance, she could lose her subsidized housing.

¶20 After considering all of the factors as stated above, the circuit court denied Raymond's motion and ordered that maintenance remain at the original amount of $900 per month. The court implicitly considered the discrepancies and

8

omissions on Raymond's financial disclosure form to be significant in determining what would satisfy the dual objectives of maintenance. The court also noted that "neither party has the income to meet their expenses," but explained that Raymond had more assets to draw on to meet his financial needs than Julie. The court further noted that if maintenance were reduced, Julie would have to withdraw more from her portion of the 401(k) which could cause her to lose her subsidized housing and therefore incur greater housing costs, which would further deplete her portion of the 401(k).

*Analysis*

¶21     We conclude that the circuit court did not erroneously exercise its discretion when it denied Raymond's motion to reduce or terminate maintenance payments to Julie. The court considered all factors under WIS. STAT. § 767.56(1c) in light of support and fairness, did not base the maintenance payments on factual errors, and did not grant an excessive or inadequate award. *See **Rohde-Giovanni***, 269 Wis. 2d 598, ¶¶29-30; ***Jahimiak***, 410 Wis. 2d 557, ¶46.

¶22     First, the record shows that the circuit court considered the factors set forth in WIS. STAT. § 767.56(1c). The court explicitly considered all factors except the division of property, *see* § 767.56(1c)(c), which the court considered implicitly. When the court addressed the change in the parties' relative assets since the divorce and explained why that change mattered, the court implicitly acknowledged the equal division of the property at the time of divorce. Specifically, the court found that Raymond presently had more assets than Julie, based on its crediting of the testimony that Julie had been withdrawing money from the portion of the 401(k) she received in the divorce, while Raymond had been adding to his 401(k). The court also implicitly determined that the initial

division of property was less relevant to its decision on maintenance because it found the current division of assets to be more relevant to its balancing of the dual objectives of maintenance, but it was unable to accurately identify the current division of assets given Raymond's failure to include the pertinent values in his financial disclosure statement. *See Poindexter*, 142 Wis. 2d at 532 (the court "must consider those factors which are relevant to the case").

¶23 Second, the record also shows that the circuit court considered the factors in WIS. STAT. § 767.56 in light of the fairness and support objectives. The court explained that it would be unfair to reduce maintenance because Julie would then need to draw more from her portion of the 401(k), which would result in her losing her subsidized housing. Julie would then have to draw even more from her portion of the 401(k), putting her in an adverse position compared to Raymond. *See Rohde-Giovanni*, 269 Wis. 2d 598, ¶¶29, 32 ("[A] maintenance award must ensure that there is a fair and equitable financial arrangement between the parties," and "the correct test regarding modification of maintenance should consider fairness to both of the parties under all of the circumstances[.]"). The court also found that Julie needed additional support given her significant disabilities and reliance on social security disability payments for her entire income. It was not unreasonable for the court to consider Raymond's underreporting of income and failure to provide updated values for his house and 401(k) and to infer from those deficiencies that Raymond had greater resources and ability to support himself than Julie. *See id.*, ¶29 ("[M]aintenance is designed to support the recipient spouse in accordance with the needs and earning capacities of both the recipient spouse and the payor spouse."). In sum, the record shows that the court "examined the relevant facts, applied a proper standard of law, and, using a

demonstrated rational process, reached a conclusion that a reasonable judge could reach." *See Liddle*, 140 Wis. 2d at 136.

¶24 Raymond argues that continuing maintenance payments of $900 per month is "neither necessary nor equitable under these circumstances" because it "effectively grants [Julie] more than her fair share and violates the principle of equitable financial arrangement." Specifically, Raymond takes issue with the continuation of payments despite his reduced, fixed social security income. Raymond disregards the circuit court's explanation for doing so based on the findings it made, and he asks that we make different findings and strike a different balance. This is not our role. Raymond also argues that the court failed to address what he refers to as Julie's additional social security benefit "derived from [Raymond's] work record." However, Raymond does not explain what the additional social security benefit is with citation to the record, and our limited review did not reveal documentation of an additional social security benefit. *See Jensen v. McPherson*, 2004 WI App 145, ¶6 n.4, 275 Wis. 2d 604, 685 N.W.2d 603 ("It is not this court's responsibility to sift and glean the record in extenso to find facts supporting [the party's] argument.").

¶25 Raymond argues that continuing to pay maintenance "now directly diminishes his own basic retirement security" and that "Wisconsin appellate courts have repeatedly held that maintenance should not unduly impoverish the payor in the name of preserving the recipient's pre-divorce lifestyle." He asserts that "[t]he circuit court overlooked that, with only Social Security income remaining, Raymond no longer has the means to continue maintenance at the pre-retirement level of $900 per month." But the court did not overlook Raymond's reduced income, expressly noting that it was "unfortunate that neither party has the income to meet their expenses." Nor does Raymond provide record support showing that

the continued maintenance award will "impoverish" him and leave him worse off than Julie. Rather, Raymond asks that we make different findings and strike a different balance. Raymond does not show that the court erroneously exercised its discretion by applying the support and fairness objectives as it did.

¶26 Raymond argues that the circuit court failed to give "adequate weight" to the substantial change in circumstances caused by his retirement when deciding whether to terminate maintenance. However, the record shows that the court explained its decision based on the court's findings relating to the change in Raymond's income and other relevant factors, and on the court's weighing of other factors in light of those findings more heavily. Raymond fails to show that the court erroneously exercised its discretion in doing so.

¶27 Raymond argues that the circuit court failed to "meaningfully" consider the division of property factor in its analysis. *See* WIS. STAT. § 767.56(1c)(c). We reject this argument for the reasons stated above, specifically, that the court implicitly considered the division of property and could reasonably have weighed this factor less in its decision.

¶28 Raymond asserts without citation to the record that Julie falsely testified that she did not receive a disability settlement before the divorce, and that she "should also receive one-half of Raymond's Social Security, perhaps in addition or perhaps as replacement for her [social security disability insurance]." We reject this assertion for failure to support it with citation to the record. *See Jensen*, 275 Wis. 2d 604, ¶6 n.4.

¶29 In sum, Raymond fails to shows that the circuit court erroneously exercised its discretion in denying his motion to reduce or terminate maintenance payments to Julie.

12

**CONCLUSION**

¶30     For the reasons stated above, we affirm.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.